**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JULIAN ORTEGA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-735-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Julian Ortega, TDCJ-ID #1287545, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Bridgeport, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ).

## C.  PROCEDURAL HISTORY

Ortega challenges a 2007 disciplinary proceeding conducted at the Neal Unit, and the resultant solitary confinement and loss of privileges and 365 days of good time.  (Disciplinary Hrg. R. at 1-2)  Ortega was charged in Disciplinary Case No. 20080001879 with assaulting an officer without a weapon, a Level 1, Code 3.3 violation, and failing to obey orders, a Level 2, Code 24 violation.  (*Id.* at 5)  Ortega sought administrative review, to no avail.  (Disciplinary Grievance R.)  This petition was filed on December 9, 2009.[1]

## D.  RULE 5 STATEMENT

Thaler asserts that Ortega's petition should be dismissed with prejudice as barred by the statute of limitations.  28 U.S.C. § 2244(d).  (Resp't Answer at 5-8)

## E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). Ortega could have discovered the factual predicate of his claims on the date of the disciplinary hearing and conviction on September 6, 2007; thus, the limitations period was triggered on that date and expired one year later on September 6, 2008, subject to any applicable tolling.  The limitations period was tolled during the pendency of the prison grievance process from September 7, 2007, through October 15, 2007, or 38 days, making Ortega's petition due on or before October 14, 2008. Ortega has not demonstrated that extraordinary circumstances otherwise prevented him from asserting his rights. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998).  Thus, Ortega's petition filed on December 9, 2009, is untimely.

## II.  RECOMMENDATION

Ortega's petition for writ of habeas corpus should be dismissed with prejudice as time-barred by the statute of limitations.  All pending motions not previously ruled upon are denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 31, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 31, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

4

SIGNED March 10, 2010.

_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE